IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First Security National Bank, <br><br> Plaintiff, <br><br> v. <br><br> DAN R. BAKER, *et al.*, <br><br> Defendants. | : <br> : <br> : <br> : <br> :    CIVIL ACTION NO. <br> :    1:12-CV-4173-RWS <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER ESTABLISHING PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Having considered the proposed protocols regarding electronically stored information ("ESI") submitted by the Parties, as well as the arguments of counsel presented at the hearing held April 8, 2013, the Court enters the following Order establishing the protocol for the production of ESI.

1. On December 4, 2009, First Security National Bank ("FSNB" or "the Bank") was closed by the Office of the Comptroller of the Currency ("OCC"), and the Federal Deposit Insurance Corporation, as Receiver for First Security National Bank, ("FDIC-

R") was appointed as Receiver. As used herein, "FDIC-R" or "Plaintiff" means FDIC-R in its capacity as Receiver of FSNB, and "Defendants" shall mean collectively the D&O Defendants.[1]

2. This Protocol applies to the ESI provisions of FED. R. CIV. P. 16, 26, 33, 34, and 37. As used herein, the words "Party" or "Parties" include Plaintiff and Defendants.

3. In this Protocol, the following terms have the following meanings:

   a. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

---

[1] Dan R. Baker ("Baker"), Ralph N. Barber, Jr. ("Barber Jr."), Ralph N. Barber, Sr. ("Barber Sr."), John A. Conway ("Conway"), Jerry G. Gardner ("Gardner"), Carl Howington ("Howington"), and John R. Smith ("Smith"). 3

2

b. "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified. Native Files are a subset of ESI.

c. Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems. In the absence of agreement of the Parties or order of Court, a Static Image should be provided in Tagged Image File Format (TIFF, or .TIF files). If a TIFF or .TIF file cannot be created, then the Static Image should be provided in Portable Document Format (PDF). If load files[2] were created in the process of converting Native Files to Static Images, or if load files may be created without undue burden or cost, load files shall be provided as set forth in Exhibit "A".

---

[2]A "load file," as that term is used herein, refers to the file necessary to load data into a reviewable database. A load file can, for example, specify what individual pages belong together as a document, what attachments are included with a document, where a document begins and ends, and what metadata is associated with a document.

AO 72A
(Rev.8/82)

4. The provisions set forth in Exhibit "A" shall govern the production of ESI.

5. FDIC-R or its contractors are in possession of certain ESI related to FSNB (the "FSNB ESI"). The FSNB ESI includes the following databases, a list of which is attached hereto as Exhibit "B". FDIC-R represents that the FSNB ESI listed on Exhibit "B" is a complete and accurate listing of all FSNB ESI obtained from FSNB by FDIC-R. Subject to the terms of this ESI Protocol and the proposed Protective Order, FDIC-R shall process and produce any and all documents to Defendants in accordance with the procedure set forth in this ESI Protocol in the format specified in Exhibit "A".

6. FDIC-R shall produce the FSNB ESI in two phases. Phase I will focus on targeted sets of documents not amenable to search terms. Phase II shall include additional designated ESI and search terms based on the information produced in Phase I.

7. In Phase II, Defendants shall collectively identify a reasonable set of search terms to run across the FSNB ESI. Thereafter, the Parties shall meet and confer in good faith to establish agreed search

terms. In order to facilitate the good faith negotiation of search terms between the FDIC-R and Defendants, FDIC-R shall provide search term hit reports to Defendants which identify the number of unique documents which hit upon each identified search term requested by Defendants. FDIC-R shall also identify in the hit reports the number of family members for the unique hits, and the parties shall work in good faith to arrive at a mutually agreeable set of search terms. If the Parties are unable to agree upon a final set of search terms after conferring in good faith, any Party may raise the issue with the Court by motion. After the Parties have agreed upon search terms, or established search terms with the assistance of the Court, FDIC-R shall apply the search terms to filter the ESI and export to a Relativity database the documents captured by the agreed upon search terms.

8. Defendants shall be granted access to the Relativity database to enable them to inspect documents and designate the documents they wish to have produced.  After Defendants review the documents, Defendants may request a second round of email

      search terms utilizing the same protocol set out in Paragraph 7 hereof.[3] FDIC-R shall produce non-privileged documents designated for production by each Defendant, and log any document reasonably believed not discoverable because it is privileged, subject to the work product doctrine, non-responsive, or otherwise not discoverable.

9. Defendants are in possession of certain ESI, including, without limitation, email and documents of various types. Defendants, at their own expense, shall identify and produce non-privileged ESI that is responsive to Plaintiff's discovery requests in the format specified in Exhibit A. Defendants shall log any document reasonably believed to be not discoverable because it is privileged, subject to the work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege.

10. Producing any ESI for inspection shall be without prejudice to any claim that such ESI is protected by the attorney-client privilege,

---

[3] By agreement of the Parties, additional iterations of search terms may be run to assure identification of relevant documents.

work product doctrine, or any other applicable privilege or ground for withholding production. Upon demand, the receiving party shall return any such inadvertently produced ESI and all copies of such ESI to the producing party. To the extent that the parties disagree over the application of these principles to any such production or challenge the privileged nature of such material, the receiving party shall not make use of the material in question until the matter is resolved by the Court.

11. In accordance with Federal Rule of Evidence 502(b), no party shall be deemed to have waived its right to assert the attorney-client privilege and/or attorney work-product privilege (collectively "Privilege") if Privileged materials are inadvertently disclosed despite the parties' exercise of a reasonable standard of care with respect to the production of such materials. Upon the discovery by any party of an inadvertent disclosure of materials protected by Privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) that party shall promptly notify the other counsel in writing of the disclosure, identify the document that contains such

7

materials, and immediately take steps to preclude further disclosure. In such an event, the party receiving the materials protected by Privilege will return or destroy all copies of identified materials and treat those materials as if they had been initially excluded from production.

12. The return or destruction of a document or materials over which the producing party has asserted a claim of Privilege as set forth above shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed Privilege is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the Privilege.

13. All queries, searches, filters, document review, and other use of Relativity shall be the work product of the attorney/firm working in Relativity and shall not be available to any other party in this case.

AO 72A
(Rev.8/82)

14. Nothing in this Protocol requires Plaintiff or Defendants to produce again information that was produced to the other before this action was commenced.

**SO ORDERED**, this  17th  day of April, 2013.

 

**RICHARD W. STORY**
United States District Judge

## **Exhibit A to ESI Protocol**

## **FDIC-R First Security National Bank v. Dan R. Baker et al.**

**Form of Production for Email**

All electronic email from Windows-Based ESI ("WESI") shall be produced as Static Images complete with full text extracts and the following fields of metadata, to the extent the metadata is available:

1. Custodian (Name of Custodian from which file is being produced);

2. Other Custodians (Name(s) of custodian(s) who had exact copy of message before de-duplication);

3. Author (FROM field);

4. CC;

5. BCC;

6. Recipient (TO field);

7. Subject

8. MD5 Hash Value or Equivalent;

9. Date Sent (Date the email was sent);

10. Date Received (Date the file was received);

11. Time Sent (Time the email was received);

12. Time Received (Time the email was received);

13. File Type (Application used to create the file);

14. Page Count;

15. File Ext (Extension for the file);

16. PST Name (File name);

17. Body Text (Extracted text);

18. Bates Begin (Beginning Production Number);

19. Bates End (Ending Production Number);

20. Attach Begin (Beginning Attachment Range Number);

21. Attach End (Ending Attachment Range Number).

Electronic mail shall be produced along with attachments to the extent the message and/or any attachment is responsive, relevant and not privileged. As a general matter, subject to specific review, a message and its attachments(s) shall not be withheld from production based on the fact that one or more attachments are privileged, irrelevant or non-responsive. To the extent the message and/or one or more attachments is privileged or non-responsive, the responsive, non-

11

privileged documents shall be produced along with placeholders indicating whether the individual record was withheld as non-responsive or privileged.

**Form of Production for Other WESI**

All other WESI (including attachments to electronic mail) shall be produced as Static Images complete with full text extracts and the following fields of metadata to the extent the metadata is available:

1. Custodian (Name of Custodian from which file is being produced);

2. Other Custodians (Name(s) of custodian(s) who had exact copy of file before de-duplication);

3. Author;

4. Doc Title (Title of file from properties);

5. Doc Subject (Subject of file from properties);

6. Created Date (Date the file was created);

7. Created Time (Time the file was created);

8. Last Modified Date (Date the file was last modified);

9. Last Modified Time (Time the file was last modified);

10. Last Saved By (Name of user who last saved the file);

11. File Type (Application used to create the file);

12. Doc Type;

13. Page Count;

14. File Ext (Extension for the file);

15. Path (Full path of the original location where the file was located);

16. MD5 Hash (MD5 hash value of the original native file);

17. Body Text (OCR for paper data or Extracted text for all ESI);

18. Bates Begin (Beginning Production Number);

19. Bates End (Ending Production Number);

20. Attach Begin (Beginning Attachment Range Number);

21. Attach End (Ending Attachment Range Number),

**<u>Form of Production for Spreadsheets</u>**

ESI in the form of spreadsheets shall be produced in native format. There will be a static image placeholder within the final Bates-numbered set, stating that the document will be produced natively. The file name of the placeholder will be changed to reflect the static image's Bates number for cross-reference purposes. These documents will be accompanied with the appropriate load files indicating a cross reference to the Bates numbered Static Image.

**Load Files**

All WESI shall be produced along with an IPRO, Opticon, or Summation DII load file indicating Bates numbers and document breaks. Metadata shall be produced in Concordance DAT file format, *DII format and summary text file for Summation,* or XML format and extracted full text shall be provided in TXT file format at the document level. Non-Windows-Based Applications and Data shall be subject to the same production requirements to the extent technically and legally feasible.

**Data Culling**

The following file types shall be processed for production:

| Extension | File Type Description |
|---|---|
| cab | Windows cabinet (data will be extracted and container file) |
| csv | Comma Separated Values file |
| dat | Data file |
| dbx | Outlook Express E-mail Folder |
| doc | Microsoft Word |
| doom | Microsoft Word Template |
| docx | Microsoft Word 2007 |
| dxl | Lotus Notes Message File |

14

| | |
|---|---|
| efax | Electronic fax documents |
| email | Outlook Express E-mail Message |
| eml | Outlook Express Saved Mail Messages files |
| emlx | Apple Mail email message |
| htm | Web based Hypertext Markup Language.File |
| html | Web based Hypertext Markup Language File |
| ics | Calendar items in Apple, Mozilla and Google |
| key | Apple Keynote presentation |
| maildb | MSN Mail file |
| mbox | Unix MAC file mailbox |
| mlm | Novell Group Wise saved email message file |
| mdb | Microsoft Access Database |
| mht | Multipurpose Internet Mail Extension |
| mim | Multipurpose Internet Mail Extension |
| mpp | Microsoft Project |
| msg | Outlook Mail Message |
| nsf | Lotus Notes (data will be extracted and container file discarded) |
| ost | Microsoft Outlook Offline folder file (data will be converted, extracted and container file discarded) |
| pbx | Outlook Express message folder file |
| pdf | Portable Document Format File |
| pop | PopMail Messages file |
| pps | Microsoft PowerPoint Show file |
| ppt | Microsoft PowerPoint file |
| pptx | Microsoft PowerPoint 2007 |

15

| | |
|---|---|
| pst | Microsoft Outlook personal folder file (data will be extracted and container file discarded) |
| rar | WinRAR compressed archive (data will be extracted and container file discarded) |
| rtf | Rich Text Format |
| tif | Tagged Image Format |
| txt | Plain Text File |
| wks | Works Spreadsheet |
| wpd | Corel WordPerfect |
| wps | Microsoft Works Word Processor Document |
| xls | Microsoft Excel |
| xlsx | Microsoft Excel 2007 |
| xml | Extensible Markup Language file |
| xps | XML Paper Specification |
| zip | Zipped Compressed File (data will be extracted and container file discarded) |
| zipx | Extended Zipped Compressed File (data will be extracted and container file will be discarded) |

## **Duplicates**

To avoid the production of more than one copy of a particular unique item, the Parties shall use industry standard MD5 or SHA-1 hash values within (1) all emails identified for production, and (2) all loose files identified for production. The Parties will not de-duplicate attachments to emails against loose files.

16

**Other Methods to Streamline Discovery**

The Parties agree to meet and confer in good faith about any other technology or process that a producing party proposes to use to streamline the culling, review and production of ESI (e.g., email threading, near de-duplication, technology assisted review). The Parties shall make reasonable good faith efforts to resolve any objections to the use of such technology or process before seeking relief from the court.

**Production Media**

Documents shall be produced on external hard drives, readily accessible computer or electronic media, e.g., CDs or DVDs, or by FTP upload ("Production Media"). All Production Media should have the following four directories: (1) IMAGES for the images; (2) DATA for the .dat and .opt files; (3) TEXT for the extracted text/OCR files; and (4) NATIVES for the native Excel files. The Production Media shall identify: (a) the producing party's name; (b) the production date; and (c) the Bates Number range of the materials contained on the Production Media.

17

**<u>Color</u>**

Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper).

**<u>Physical Documents</u>**

Documents that exist solely in physical hard-copy format shall be converted and produced following the same protocols outlined above. The metadata shall indicate document breaks and identify the custodian from whom the document was collected. The ".tiff" files shall be subject to an Optical Character Recognition ("OCR") process.

**<u>Inaccessible Data</u>**

The Parties need not collect documents stored on disaster recovery backup tapes unless a showing of specific need is made.

AO 72A
(Rev.8/82)

# Exhibit B to ESI Protocol

# FDIC-R First Security National Bank v. Dan R. Baker et al.

10157 First Security National Bank

DMS Scope of Data

| |
|---|
| S6 Email Database |
| S6 Email Database V2 |
| S6 Fedline Advantage Domestic Incoming Wirelog Info 8 |
| S6 Fedline Advantage Domestic Outgoing Wirelog Info 9 |
| S6 Fedline Advantage International Incoming Wirelog Info 10 |
| S6 Fedline Advantage International Outgoing Wirelog Info 11 |
| S6 File Shares and Miscellaneous Documents 1 |
| S6 Files and Departmental Shares Part 2 14 |
| S6 FIS Harland LaserPro Customer Master Info 3 |
| S6 FIS Harland LaserPro Loan Customer Capacity 5 |
| S6 FIS Harland LaserPro Loan Origination Info 4 |
| S6 Fiserv IPS Sendero AP Vendor Master Info 12 |
| S6 Fiserv IPS Sendero AP Vendor Transactions Info 13 |
| S6 Fiserv ITI Premier Certificate of Deposit Master Info 18 |
| S6 Fiserv ITI Premier Customer Master Info 16 |
| S6 Fiserv ITI Premier DDA and SAV Master Info 17 |
| S6 Fiserv ITI Premier Loan Master Info 20 |
| S6 Fiserv ITI Premier Safe Deposit Box Master Info 19 |
| S6 Fiserv Web Director Core Banking Reports 6 |

| |
|---|
| S6 Fiserv Web Director Statements 7 |
| S6 Forensic Data 2 |
| S6 Forensic Data Email |
| S6 Forensic File Inventories |
| S6 Pending ADP Payroll Info 21 |
| S6 Scanned Documents |