# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF FIRST SECURITY NATIONAL BANK, <br><br> Plaintiff, <br><br> v. <br><br> DAN R. BAKER, RALPH N. BARBER, JR., RALPH N. BARBER, SR., JOHN A. CONWAY, JERRY G. GARDNER, CARL HOWINGTON, AND JOHN R. SMITH, <br> Defendants. | CIVIL ACTION NO. 1:12-CV-4173-RWS |

## ORDER

This action comes before the Court for resolution of Plaintiff's Motion for Leave to Amend Complaint [18].

Plaintiff initiates this action against seven former officers and/or directors (the "Defendants") of the First Security National Bank alleging

damages due to Defendants' mismanagement of the bank policies and underwriting. Federal Deposit Insurance Corporation (FDIC) asserts claims against Defendants for negligence and gross negligence. Now, Plaintiff seeks leave to amend its Original Complaint to add a claim for breach of fiduciary duty and additional information in support of its claims for negligence and gross negligence.

As it relates to the Motion to Amend Complaint [18], Rule 15(a) provides that where, as here, a responsive pleading has been filed, a litigant must seek leave to amend before filing an amended pleading. Fed. R. Civ. P. 15(a). "[L]eave," however, }shall be freely given when justice so requires." Id. Indeed, a district court should ordinarily deny leave to amend only where the amendment is requested "(1) after undue delay, in bad faith, or with a dilatory motive, (2) when the amendment would be futile, or (3) when the amendment would cause undue delay or prejudice." Worsham v. Provident Cos., 249 F. Supp. 2d 1325, 1334 (N.D.Ga. 2002).

Defendants oppose Plaintiff's request to amend on the basis that the request is due to undue delay and would result in undue prejudice to Defendants. (Dkt. No. [21] at 4-8.) Specifically, Defendants argue that FDIC's

breach of fiduciary duty claims is based on information that Plaintiff long possessed. Id. at 5. Defendants contend that Plaintiff's proposed amended complaint does not assert any new facts or information. Id. at 6. Defendants also assert that they are "severely prejudiced" by the proposed amendment. Id. at 8.

In the present action, the Court finds no persuasive justification for denying Plaintiff leave to amend the pleading. This Court has extended the discovery period until and including February 6, 2014, which provides ample time for the parties to seek information pertaining to the additional claim. (Dkt. No. [28].) The Court does not find any bad faith, undue delay or prejudice that would bar leave to amend. Consequently, Plaintiff's Motion to Amend Complaint [18] is **GRANTED**.

**SO ORDERED** this _15th_ day of November, 2013.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE